990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon CANO, Plaintiff-Appellant,
v.
R. JOULER, Correctional Officer; A. Bell, Program Services
Manager; D. Northealt, Assistant Supervisor;
G.W. Balwin, Superintendent; D.
Binschus, Correctional
Officer, Defendants-Appellees.
 No. 92-36554.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 17, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Cano, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that prison officials violated his right of access to the courts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 We review de novo the district court's grant of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). "A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial." Id.
 
 DISCUSSION
 
 4
 Cano contends that prison officials deprived him of his constitutional right of access to the courts by interfering with his right to receive legal mail. Specifically, he alleges that prison officials: (1) confiscated two letters and an opening brief prepared by his attorney in connection with his state criminal appeal; (2) opened legal mail outside his presence; and (3) delayed his receiving a letter written in Spanish.
 
 
 5
 Prison authorities must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). If an inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, the inmate must allege an actual injury, or a specific instance in which the inmate was actually denied court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 6
 Cano contends that he was injured as a result of prison officials' confiscation of the letters and opening brief because, by the time he received a copy of the opening brief, any amendment to the brief would have been late. Nevertheless, Cano never alleged that the opening brief was deficient, and presented no evidence that he attempted to amend the opening brief or that the state appellate court rejected any proposed amendment as untimely. Moreover, it is undisputed that Cano, upon his request, received duplicates of the letters and opening brief. Because Cano has failed to set forth specific facts to support his claim that the temporary deprivation of the letters and opening brief resulted in a denial of his right of access to the courts, see Harper, 877 F.2d at 731, the district court properly granted summary judgment in favor of prison officials on this claim.
 
 
 7
 Cano failed to allege an actual injury with respect to his claims that prison officials opened his legal mail outside his presence and delayed his receiving a letter written in Spanish. Accordingly, the district court properly granted summary judgment in favor of prison officials on these claims. See Sands, 886 F.2d at 1171.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3